# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0980** (BOR Appeal No. 2054190)
(Claim No. 2019001358)

**RUSSELL JENKINS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Russell Jenkins, by Counsel Robert L. Stultz, filed a timely response.

The issues on appeal are temporary total disability benefits and medical benefits. The claims administrator denied a request to reopen the claim for temporary total disability benefits on November 13, 2018. On December 3, 2018, the claims administrator denied a request for an orthopedics consultation. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decisions in its April 11, 2019, Order, granted temporary total disability benefits, and authorized an orthopedic consultation. The Order was affirmed by the Board of Review on September 24, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jenkins, a coal miner, injured his right shoulder in the course of his employment on July 14, 2018, while bolting. The Employees' and Physicians' Report of Injury, completed the following day, indicates Mr. Jenkins injured his shoulder while bolting at work. The physician's section was completed by Mark Coomes, M.D., at MedExpress, who diagnosed right shoulder sprain/strain. The claim was held compensable for right shoulder strain on July 24, 2018. Temporary total disability benefits were granted from July 15, 2018, through August 1, 2018.

1

On July 24, 2018, Mr. Jenkins was treated at Dynamic Physical Therapy for symptoms consistent with right shoulder impingement. Therapy was recommended for six to eight weeks. A July 31, 2018, treatment note from MedExpress indicates Mr. Jenkins had abnormal range of motion and pain in the right shoulder. He was diagnosed with right shoulder sprain. A right shoulder MRI performed on August 3, 2018, showed a small bone bruise.

Mr. Jenkins returned to MedExpress on August 14, 2018, and reported that his pain was improving but still present. Range of motion was restricted. The diagnosis remained right shoulder sprain. On August 28, 2018, Mr. Jenkins stated that he was ready to return to full duty work. He was to continue physical therapy. Mr. Jenkins was released to return to full duty. Temporary total disability benefits were suspended on August 30, 2018.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on September 4, 2018, in which he noted that Mr. Jenkins reported right shoulder pain. Dr. Mukkamala found normal range of motion with the exception of mild limitation of internal rotation. Dr. Mukkamala found that Mr. Jenkins had reached maximum medical improvement and required no further treatment.

A September 20, 2018, Dynamic Physical Therapy treatment note indicates Mr. Jenkins was being treated for right shoulder pain and stiffness. He reported improvement in functioning and no pain with motion. He had achieved all goals and returned to work. Mr. Jenkins was discharged from physical therapy. The claim was closed for temporary total disability benefits on October 2, 2018.

On November 1, 2018, Mr. Jenkins again sought treatment from MedExpress. He reported that he had developed pain and limited range of motion in his right shoulder. He was diagnosed with right shoulder sprain and referred to orthopedics. He was unable to work. A claim reopening application was completed by Miraflor Khorshad, M.D., on November 6, 2018. Temporary total disability benefits were requested from November 1, 2018, through November 7, 2018. Dr. Khorshad opined that Mr. Jenkins required treatment and would be unable to return to work. She further opined that Mr. Jenkins had suffered an aggravation or progression of his compensable injury.

Mr. Jenkins returned to MedExpress for pain and limited range of motion on November 7, 2018. He was diagnosed with right shoulder impingement syndrome and released to return to modified duty. The claims administrator denied the request to reopen the claim for temporary total disability benefits on November 13, 2018. Mr. Jenkins was again treated at MedExpress on November 14, 2018. He had full range of motion with pain. He was diagnosed with right shoulder impingement syndrome. Referral to orthopedics was recommended. A consultation referral was completed that day for the diagnoses of right shoulder impingement syndrome and right shoulder sprain. Authorization for referral to orthopedics was requested.

Ronald Fadel, M.D., completed a Utilization Review Report on November 30, 2018, in which he opined that Mr. Jenkins's current symptoms were not related to the compensable injury.

Mr. Jenkins reached maximum medical improvement for the compensable injury and returned to work. He developed the current symptoms two months after reaching maximum medical improvement. Dr. Fadel stated that any further treatment should be covered under Mr. Jenkins's personal health insurance. The claims administrator denied a request for an orthopedics consultation on December 3, 2018.

Mr. Jenkins testified at a January 18, 2019, deposition that following his return to work, his shoulder progressively worsened. He sought treatment because his shoulder symptoms became more severe than when he was originally injured. Mr. Jenkins stated that he was taken off of work on November 1, 2018, and has not returned. Mr. Jenkins also stated that he had no preexisting right shoulder conditions. He asserted that he suffered no injury between the time he returned to work and when he sought treatment on November 1, 2018.

The Office of Judges reversed the claims administrator's decisions, granted temporary total disability benefits from November 1, 2018, through November 7, 2018, and authorized an orthopedics consultation in its April 11, 2019, Order. It determined that Dr. Mukkamala found in his independent medical evaluation that Mr. Jenkins had reached maximum medical improvement and required no further treatment. However, Dr. Khorshad opined in the claim reopening application that Mr. Jenkins had sustained an aggravation or progression of his compensable injury since reaching maximum medical improvement. The Office of Judges found that Dr. Khorshad treated Mr. Jenkins on November 1, 2018, and determined that further treatment was necessary. She also stated that Mr. Jenkins could not return to work while undergoing treatment. Further, Dr. Khorshad opined that Mr. Jenkins's current symptoms were a direct result of the compensable injury. She determined that Mr. Jenkins was temporarily and totally disabled from November 1, 2018, through November 7, 2018. The Office of Judges concluded that Dr. Khorshad's opinion was more persuasive than that of Dr. Fadel. It therefore granted temporary total disability benefits for the requested dates. The Office of Judges also found that referral to orthopedics should be authorized. Dr. Khorshad opined that Mr. Jenkins required such treatment as a result of his compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 24, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The decision of the Board of Review is supported by a preponderance of the evidence. After reaching maximum medical improvement and returning to work, Mr. Jenkins suffered a progression of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison